1
2
3
4
5                  UNITED STATES DISTRICT COURT
6                  EASTERN DISTRICT OF WASHINGTON
7  UNITED STATES OF AMERICA,        )
                                     )   NOS.   CR-07-2042-WFN-2
8                     Plaintiff,     )          CR-07-2071-WFN-1
                                     )          CR-07-2088-WFN-1
9         -vs-                       )
                                     )
10  JOSE LUIS MANZO,                 )   ORDER
                                     )
11                    Defendant.     )
                                     )
12  ───────────────────────────────)

13         Pending before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside,

14  or Correct Sentence, presented by Mr. Manzo *pro se*.  The Court has reviewed the file and

15  the motion and is fully informed. For the reasons stated below, the Court Motion is denied

16  in part.  The Government is requested to file a response to the remaining issue.

17                          **I.  BACKGROUND**

18         On April 10, 2007, Mr. Manzo was indicted in CR-07-2042 for conspiracy to distribute

19  500 grams or more of a mixture or substance containing a detectable amount of

20  methamphetamine and distribution of 50 grams or more of actual methamphetamine.  On

21  June 6, 2007, Mr. Manzo was indicted in CR-07-2071 for conspiracy to possess with intent

22  to manufacture a controlled substance.  Mr. Manzo went to trial in CR-07-2071 and was

23  found guilty on the sole count. Following his conviction in CR-07-2071, Mr. Manzo entered

24  into a plea agreement with the Government and pled guilty to Count 10 of the Indictment in

25  CR-07-2042 on May 5, 2007.  In that plea agreement, Mr. Manzo waived his right to appeal

26  his conviction in both matters, but reserved his right to appeal incorrect Guideline

ORDER - 1

1  calculations and any sentence based on such error in both cause numbers.  Mr. Manzo also
2  waived his right to file a 28 U.S.C. §2255 Motion except for "ineffective assistance of
3  counsel based on facts discovered after the plea and sentencing."   On September 4, 2008,
4  the Court sentenced Mr. Manzo to 292 months imprisonment in CR-07-2042 concurrent to
5  240 months imprisonment in CR-07-2071and 3 years supervised release.

6  ## II. ANALYSIS

7      "To earn the right to a hearing. . . [Movant] [is] required to allege specific facts which,
8  if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir 1998),
9  quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir 1996). If an evidentiary
10  hearing is not required, the Court "shall make such disposition of the motion as justice
11  dictates." Rule 8, Rules Section 2255 Proceedings (West 2006).   All issues but the plea
12  agreement issues fail as a matter of law.

13      To gain relief, Movant must establish that (1) he is in custody under a sentence of this
14  federal court; (2) his request for relief was timely; and (3) the court lacked either personal
15  or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction
16  or sentence violates federal law, or the sentence or judgment is otherwise open to collateral
17  attack. 28 U.S.C. § 2255. Mr. Manzo established that he satisfies the first two prongs.

18      Mr. Manzo argues that his sentence violates federal law and was unconstitutional, thus
19  satisfying the third prong, based on three separate grounds.  First he alleges ineffective
20  assistance of counsel during plea negotiations, specifically for advising Mr. Manzo to waive
21  his appeal in CF-07-2017.  Second, Mr. Manzo argues that the Court abused its discretion
22  in sentencing.  Lastly, Mr. Manzo argues that the Government violated his due process rights
23  by breaching the plea agreement.

24      In order to prevail on his ineffective assistance claim, Mr. Manzo must prove that
25  counsel's performance was deficient and that he was prejudiced by this deficient
26  performance. *U.S. v. Strickland,*  466 U.S. 668, 687 (1984).  Courts must "indulge a strong

ORDER - 2

1   presumption that counsel's conduct falls within the wide range of reasonable professional

2   assistance; that is, the defendant must overcome the presumption that, under the

3   circumstances, the challenged action might be considered sound trial strategy." *Strickland*,

4   466 U.S. at 689.  "A fair assessment of attorney performance requires that every effort be

5   made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of

6   counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the

7   time."  *Id*. at 689 (internal citations omitted).  In order to show prejudice, Mr.  Manzo must

8   show that but for counsel's errors the results of the proceeding would have been different.

9   *Id.* at 694.

10  Mr. Manzo cannot satisfy the prejudice prong of the *Strickland* test.  Mr. Manzo

11  alleges several complaints regarding the results obtained by his trial counsel during

12  sentencing, but alleges little in the way of error.  He complains that the Court incorrectly

13  calculated the Guideline sentence, but acknowledges that his counsel objected to each of the

14  areas of concern that he raises in his Motion at the time of sentencing.

15  He also alleges that his counsel was ineffective for advising him to waive his

16  appeal in CR-07-2071.  He correctly points out that had there been an issue that was a

17  "dead bang winner" advice to Mr. Manzo to waive appeal may have caused prejudice.

18  However, Mr. Manzo points to no issues which would have been resolved in his favor

19  upon appeal.  On the contrary, Mr. Manzo lists several issues which the Ninth Circuit already

20  ruled against him on issues that he had preserved his appeal rights in his plea agreement.

21  Though he did waive his appeal, he raises no new issues that he wished he could have

22  appealed.  Thus, Mr. Manzo suffered no prejudice from waiving his right to appeal the

23  conviction.

24  Mr. Manzo's claims that the Court abused discretion fails.  Issues "considered on direct

25  appeal are not subject to collateral attack under 28 U.S.C. § 2255."  *Egger v. United States*,

26  509 F.2d 745, 748 (9th Cir. 1975).  Mr. Manzo rehashes issues that the Ninth Circuit already

ORDER - 3

1   addressed on direct appeal and affirmed the Court's sentence.   Mr. Manzo raises no new
2   issues. The Court will not second guess the rulings of the Ninth Circuit.

3          Mr. Manzo claims that the Government offended due process by breaching the plea
4   agreement, specifically, the Government failed to recommend a downward departure for
5   acceptance of responsibility and did not live up to its end of the plea deal.   Further, Mr.
6   Manzo argues that the plea agreement was illusory.  In the plea agreement, the Government
7   agreed to recommend a three level departure for acceptance of responsibility, but failed to
8   do so at the time of sentencing.  In fact, in the Government's sentencing memorandum, the
9   Government argues against the acceptance of responsibility departure.  The Court notes that
10  the plea agreement clearly states that the Court is not a party and is not required to follow the
11  recommendations of the parties. The Ninth Circuit affirmed the Court's finding that
12  acceptance of responsibility did not apply.  The Court also recognizes that the Government
13  made no promises regarding its recommended sentence except that the sentences in all of Mr.
14  Manzo's pending cases run concurrently.  However, in the plea agreement the parties agreed
15  that the final adjusted offense level was 31, including the three level departure for acceptance
16  of responsibility which would have exposed Mr. Manzo to a guideline range of 135 - 168
17  months for CR-07-2042.  The statutory maximum in CR-07-2071 is 240 months.  Based on
18  the plea agreement, it is likely that Mr. Manzo expected a sentence no longer than 240
19  months.

20         The plea agreement issues merit a response from the Government.   Due to the
21  mishmash of issues in Mr. Manzo's Motion, the Court requests that the Government
22  address the due process argument, ineffective assistance of counsel claims arising from the
23  alleged breach of the plea agreement and from the alleged illusory nature of the plea
24  agreement, and any other legal issues surrounding the Government's alleged breach of
25  contract to ensure all issues raised by Mr. Manzo related to the breach of the plea agreement
26  can be addressed.

ORDER - 4

Mr. Manzo's claims of ineffective assistance in sentencing and sentencing errors by this Court cannot meet the standard under a §2255 Motion even assuming all facts alleged by Movant to be true. Thus, Movant's Motion on those issues must be denied. However, Mr. Manzo's claims surrounding the Government's alleged breach of the plea agreement merits a response from the Government. Accordingly,

**IT IS ORDERED** that:

1. Movant's Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255, filed October 14, 2009, **CR-07-2042 Ct. Rec. 721 and CR-07-2071 Ct. Rec. 517**, is **DENIED IN PART and RESERVED IN PART**.

2. Notice shall be served upon the United States to answer Movant's § 2255 Motion, as outlined above by **August 31, 2010.** The contents of the answer shall conform to the requirements of Rule 5(b) of the Rules-Section 2255 Proceedings.

3. Movant shall serve and file a reply to United States answer, if any, **within thirty (30) days of service** of United States' answer.

4. If Movant raises new issues in his reply, the Government may respond to those issues in a supplemental response to be filed and served **within 20 days of service** of the Movant's reply.

4. The Court will take the matter under advisement when the briefing is complete.

5. Movant shall serve upon the United States Attorney a copy of every further pleading or document submitted for consideration by the Court. He shall include with the original paper to be filed with the District Court Executive, a certificate stating the date a true and correct copy of any document was mailed to the United States. Local Rule 5.1(a). Any paper received by a District Court Judge which has not been filed with the District Court Executive or which fails to include a certificate of service will be disregarded by the Court. Movant is also advised that throughout this action he must notify the District Court Executive regarding any change of address.

ORDER - 5

1    The District Court Executive is directed to file this Order and provide copies to

2  counsel and Mr. Manzo;

3        **DATED** this 27th day of July, 2010.

4

5                                    s/ Wm. Fremming Nielsen
                                    WM. FREMMING NIELSEN
6  07-27                    SENIOR UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 6