FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 18, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE LUIS MANZO,<br><br>Defendant. | No. 2:07-CR-02042-LRS-2<br>No. 2:07-CR-02071-LRS-1<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582 (c)(1)(A) |

BEFORE THE COURT is a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) from Jose Luis Manzo. ECF No. 890 in case no. 2:07-CR-02042-LRS-2; ECF No. 658 in case no. 2:07-CR-02071-LRS-1.[1] The Government was represented by Assistant U.S. Attorney Michael Murphy. After the motion was filed *pro se*, attorney Jason Carr was appointed to represent Mr. Richmond. The Court, having reviewed the record, the parties' briefing, and the

---

[1] For ease of reference and unless otherwise noted, electronic court records cited hereafter refer to filings in case no. 2:07-CR-02042-LRS-2. Corresponding filings in in case no. 2:07-CR-02071-LRS-1 are not generally cited.

ORDER - 1

relevant authorities, is fully informed.[2] For the reasons discussed below, Defendant's Motion for Compassionate Release is DENIED.

## BACKGROUND

In 2008, Defendant pled guilty to distribution of methamphetamine and was found guilty of conspiracy to possess pseudophedrine with intent to manufacture methamphetamine. ECF No. 486; ECF No. 204 in case no. 2:07-CR-2071-LRS-1. Judge William Freming Nielsen sentenced the Defendant to 292 months in prison with credit for time served and five years of supervised release. ECF No. 606. In 2012, the case was reversed and remanded by the Ninth Circuit Court of Appeals. ECF Nos. 755, 759. In April 2013, Defendant entered an amended plea agreement acknowledging guilty pleas in each case and in a third case involving a supervised release violation. ECF No. 781. An amended judgment was entered sentencing Defendant to 228 months imprisonment and five years of supervised release. ECF Nos. 785. His projected release date is July 29, 2023. *See* https://www.bop.gov/inmateloc/.

Defendant moves for a reduction in sentence or for home confinement due to the threat of re-contracting COVID-19. ECF No. 890 at 1. He is 45 years old and

---

[2] Defendant's request for oral argument is denied as the Court finds itself sufficiently informed by the files and records herein.

ORDER - 2

has chronic kidney disease, elevated blood pressure, hyperlipidemia, cholelithiasis without obstructions, and gastroesophageal reflux disease. ECF Nos. 905, 906 (sealed). Defendant contends that FCI Fort Worth is "awash" with COVID cases and that the risk to the public would be low if he is released because his prior criminal history is moderate and non-violent. ECF No. 905 at 3.

The Government argues that the risk of re-contracting COVID-19 is not an extraordinary and compelling circumstance justifying a reduction in sentence. ECF No. 896.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018).

Attached to Defendant's motion are letters indicating his request for a reduction in sentence was denied by the Bureau of Prisons. ECF No. 890 at 36-38. The Government does not contend that exhaustion of remedies is at issue, noting that Defendant sought compassionate release from the Bureau of Prisons and was timely denied such relief. ECF No. 896 at 11. Accordingly, the Defendant's motion for compassionate release is properly before the Court.

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). The Court should also consider the factors set forth in 18 U.S.C. § 3553, to the extent they are applicable. 18 U.S.C. § 3582(c)(1)(A).

Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

ORDER - 4

Defendant is not eligible for compassionate release under subsection (2) of 18 U.S.C. § 3582(c)(1)(A) because he is not 70 years old and has not served 30 years in prison. Thus, the question before the Court is whether extraordinary and compelling reasons exist to grant Defendant's request for compassionate release.

**B.    Extraordinary and Compelling Reasons**

Defendant moves for compassionate release on the grounds that "extraordinary and compelling reasons" justify a sentence reduction. ECF No. 890. The First Step Act did not define "extraordinary and compelling reasons" warranting a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. Courts across the country have concluded that because the Sentencing Commission has not amended the Guidelines since the enactment of the First Step Act, they are not limited by the categories described in U.S.S.G. § 1B1.13 in determining whether extraordinary and compelling circumstances are presented justifying a reduction of sentence under 18 U.S.C. § 3582(c). *See, e.g.*, *United States v. Brooker*, 976 F.3d 228 (2nd Cir. September 25, 2020); *United*

ORDER - 5

*States v. Parker*, 461 F. Supp.3d 966, at 978-79 (C.D. Cal. May 21, 2020) (collecting cases); *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019). At the same time, "[w]hile that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases).

The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1.

ORDER - 6

Defendant's petition is based upon the argument that he is at he is at risk of reinfection and is particularly vulnerable to complications from COVID-19 because he has already contracted it once. ECF No. 890.

The COVID-19 pandemic is not by itself an extraordinary and compelling reason to grant relief. While Defendant is understandably concerned about the risk of infection or reinfection, a general fear of a virus which exists throughout society is not sufficiently extraordinary or compelling under the criteria set forth in the Sentencing Commission's policy statement on compassionate release or on general principles. *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.")

Defendant contends that FMC Fort Worth, where he is located, is "awash" with COVID-19 cases. ECF No. 905 at 3. Indeed, FMC Fort Worth initially failed to control the outbreak of COVID-19, as 603 inmates have tested positive for the virus and 12 inmates have died. *See United States v. Degarmo*, No. 18-cr-10128-01-JWB, 2020 WL 5253410, at *3 (D. Kan. Sept. 3, 2020) (finding that "inmates and staff at FMC Fort Worth have contracted and currently have COVID-19 in

ORDER - 7

numbers higher than many other federal detention facilities"). However, as of November 17, 2020, the Bureau of Prisons reports that FMC Fort Worth has four active cases of COVID-19 among inmates and 13 active case among staff. *See* FMC Fort Worth, Federal Bureau of Prisons, *Covid-19*, https://www.bop.gov/coronavirus/. While FMC Fort Worth may have been "awash" with Covid-19 earlier in the pandemic, it appears that management of the virus has significantly improved over time.

Additionally, the Government contends that Plaintiff may be immune from COVID-19, having previously tested positive and been asymptomatic. ECF No. 896 at 12. Defendant's medical records indicate a positive test for COVID-19 on April 29, 2020, and daily follow up through May 15 indicates that Defendant reported no symptoms. ECF No. 906 at 28. Defendant argues that even if he was previously infected, reinfection is possible. ECF No. 905 at 12-13. The Court notes that scientific data and conclusions regarding COVID-19 antibodies and reinfection rates is still developing, but that there is at least some risk of reinfection.[3] Notwithstanding, the analysis regarding reinfection is the same as the risk of infection from COVID-19 generally.

---

[3] Apoorva Mandanilli, "Coronavirus Reinfections are Real, but Very, Very Rare," NEW YORK TIMES, Oct. 13, 2020, *available at*

ORDER - 8

The Court also concludes that Defendant has not shown that his chronic kidney disease and other ailments create an extraordinary and compelling reason for release or modification of his sentence. The CDC indicates that adults with chronic kidney disease are at increased risk of severe illness from COVID-19. Center for Disease Control and Prevention, Coronarvirus Disease 2019 (COVID-19), *People with Certain Medical Conditions* (November 2, 2020).[4] However, there is no evidence that treatment or management of Defendant's chronic kidney disease or other conditions is inadequate. Defendant did not identify any inadequacy in his medical care in his Petition. ECF No. 890. During an August 6, 2020 exam, Defendant denied symptoms of any kind, and his medical records indicated he is prescribed and provided with medications for his conditions. ECF No. 906. As such, the Court finds no evidence that Defendant's ability to provide self-care is substantially diminished.

---

https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html.

[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

For these reasons, in this case, there is no extraordinary and compelling reason for a reduction or modification of Defendant's sentence.

**C.    18 U.S.C. § 3553 Factors and Danger to Community**

Under 18 U.S.C. § 3582(c)(1)(A) and the Sentencing Commission policy statement, the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. Additionally, the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

Even if Defendant had shown that extraordinary and compelling reasons exist to warrant a reduction in sentence, the Court does not find that the § 3553(a) factors support a reduction in sentence. At the time of the original sentencing, the Court fully considered those factors and imposed a sentence that was sufficient but not greater than necessary to comply with and fulfill the goals of sentencing. The sentence imposed by the Court was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to this criminal conduct. The Court has again fully considered the § 3553 factors and finds the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

Additionally, the Court need not determine whether Defendant poses a danger to any person or the community because there are no extraordinary or compelling reasons warranting a reduction or modification of his sentence.

## CONCLUSION

The Court concludes that that extraordinary and compelling reasons warranting a reduction do not exist and therefore declines to exercise its discretion to reduce or modify Defendant's sentence.

Accordingly,

1. Defendant's Motion Seeking Reduction in Sentence Due to Compelling and Extraordinary Circumstances Pursuant to 18 U.S.C. § 3582(c)(1)(A), **ECF No. 890 in case no. 2:07-CR-02042-LRS-2**, is **DENIED.**

2. Defendant's Motion Seeking Reduction in Sentence Due to Compelling and Extraordinary Circumstances Pursuant to 18 U.S.C. § 3582(c)(1)(A), **ECF No. 658 in case no. 2:07-CR-02071-LRS-1**, is **DENIED.**

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to the U.S. Attorney and counsel.

**DATED** November 18, 2020.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 11